## PEOPLE v. HUMMEL.

(Supreme Court, Trial Term, New York County. June, 1905.)

1. WITNESSES—CONSTITUTIONAL PRIVILEGE—TIME OF ACCRUAL.

    A person is not compelled to give evidence against himself, within the Constitution, protecting a person from being compelled to be a witness against himself in a criminal case, until he has been summoned and sworn as a witness; and his rights are not infringed on his being required to appear before the grand jury in pursuance of a subpoena and be sworn.

2. INDICTMENT—MOTION TO QUASH—PRESUMPTIONS.

    Where the prosecuting attorney as the legal adviser of the grand jury instructed them that, in deliberating on the question whether an indictment should be found against one who had been subpoenaed and sworn as a witness before them, his testimony should not be considered, it will be presumed, on a motion to quash, in the absence of proof to the contrary, that the jury obeyed the instructions, and that there was sufficient evidence aside from his testimony to authorize the finding of the indictment.

Abraham Hummel was indicted for crime. Motion to quash indictments. Denied.

William Travers Jerome, Dist. Atty., for the People.
De Lancey Nicoll, for defendant.

DAVY, J. After a careful examination of the testimony given by the defendant, Hummel, before the grand jury and the exhaustive brief of the learned counsel, I have reached the conclusion that Hummel's testimony was not obtained by compulsion or in violation of the constitutional provision protecting a person from being compelled in a criminal case to be a witness against himself. It appears at the very threshold of the examination he placed himself upon his constitutional privilege and refused to answer any question that might tend to incriminate him, and voluntarily answered such questions as would not in his judgment show or tend to show that he had committed a criminal offense. The learned counsel for the defendant contends that it was an infringement of Hummel's constitutional rights to require him to appear before the grand jury in pursuance of a subpoena and be sworn. Such a rule is too narrow to receive favorable consideration; and, if adopted, would to a great extent destroy the usefulness of the grand jury system, and in many cases defeat the administration of criminal justice. The rule is well-settled that a witness cannot claim his constitutional privilege until he is sworn, so that his claim shall be made under the sanction of an oath. The compulsion, therefore, within the meaning of the Constitution, does not arise until the party has been summoned and sworn as a witness.

It also appears that the assistant district attorney, who was the legal adviser of the grand jury, instructed them that, in deliberating upon the question whether an indictment should be found against Hummel, his testimony should not be taken into consideration. I must therefore assume, in the absence of proof, that the grand jury obeyed these in-

structions, and that there was sufficient evidence, aside from Hummel's, to authorize the grand jury in finding the indictments.

The motion, therefore, to quash the indictments is denied; and the district attorney may enter an order to that effect.